UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

03CV 12433 RWZ

CIVIL ACTION NO. 03

| | |
|---|---|
| OPUS, INC., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| MIDWEST AIR TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant | ) |

MAGISTRATE JUDGE _____

## COMPLAINT

### INTRODUCTION

This is an action for trade dress infringement under § 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a), common law trademark or trade dress infringement, and copyright infringement under the Copyright Act, codified at 17 U.S.C. §§ 101 *et seq*. Plaintiff Opus, Inc. seeks preliminary and permanent injunctive relief, damages, and attorneys' fees and costs against defendant Midwest Air Technologies, Inc.

### PARTIES

1. Plaintiff Opus, Inc. ("Opus") is a Massachusetts corporation with a principal place of business in Bellingham, Massachusetts.

2. Defendant Midwest Air Technologies, Inc. ("MAT") is, on information and belief, a foreign corporation with a principal place of business in Lincolnshire, Illinois and with warehouse and manufacturing locations in Illinois, New Jersey, California, Georgia, and Texas. According to its website, MAT is "a large corporation, manufacturing and selling products in over 20 countries" and "is considered a leading supplier to the Home Centers, Retailers, Cooperatives and Wholesale Distributors throughout America."

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338.

4. This Court has personal jurisdiction over MAT. First, MAT is subject to personal jurisdiction under Mass. Gen. Laws ch. 223A, § 3, in that, on information and belief, it transacts business in Massachusetts; contracts to supply services or things in Massachusetts; or has caused tortuous injury in Massachusetts and regularly does or solicits business, or engages in another persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in Massachusetts. Second, there are sufficient contacts between MAT and Massachusetts to satisfy the requirements of the United States Constitution. On information and belief, the claims in this complaint involve injury to Opus in Massachusetts based, among other things, on MAT's infringing conduct in Massachusetts; MAT has willingly and purposefully sought to do business in Massachusetts; and jurisdiction in this Court is reasonable.

5. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTS

6. Since 1997, Opus has sold a birdfeeder, known as the "TopFlight Fortress" ("Fortress"), in a distinctive package created specifically and exclusively for Opus ("Opus Package"). A photograph of the Opus Package is attached as Exhibit A.

7. MAT has begun to market and sell a birdfeeder, known as the "Songbird Central," that appears similar to the Fortress. On information and belief, the appearance of MAT is shown at Exhibit B. MAT has packaged its birdfeeder in a box ("MAT Package") that is virtually identical, in size, construction, artwork, and labeling, to the Opus Package. A photograph of the MAT Package is attached as Exhibit C. The MAT Package appears, with several minor substitutions, to be an exact copy of the Opus Package, including, among other things, the same

images of birds, the same text (in English and French), the same description of birdfeeder features, the same information about two specific birds (White Breasted Nuthatch and Hairy Woodpecker), and the same information about related products (even though, on information and belief, MAT does not even manufacture or sell those related products). The MAT Package uses an image of the Fortress – i.e., Opus's birdfeeder – even though MAT's birdfeeder looks different in several significant respects, including the shape of the metal lid, the shape of the hanger, and the size of the wire cage surrounding the birdfeeder. As a result, the MAT Package falsely and deceptively indicates the product inside the package.

8. On or about November 21, 2003, Opus demanded that MAT cease and desist from using the MAT Package. To date, MAT has not agreed to do so.

## COUNT I

(Trade Dress Infringement and Unfair Competition Under 15 U.S.C. § 1125(a))

9. Opus repeats and realleges the above paragraphs.

10. The Opus Package and the MAT Package are used in interstate commerce.

11. The Opus Package is non-functional.

12. The Opus Package is inherently distinctive. It contains a unique arrangement of artwork and labeling, thereby indicating the source of the birdfeeder in the package. In the alternative, the Opus Package has acquired secondary meaning, such that consumers associate the package with Opus.

13. The virtually identical appearance of the Opus Package and the MAT Package creates a likelihood of confusion as to the source of the birdfeeders, among other things.

14. MAT has engaged, and is engaging, in trade dress infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

15. On information and belief, MAT's trade dress infringement and unfair competition has been willful and knowing and has been intended to deceive.

16. As a result, Opus continues to incur damages and continues to incur irreparable harm, and Opus is entitled to, without limitation, injunctive relief, compensatory damages, multiple damages, lost profits, out-of-pocket expenses, and attorneys' fees and costs.

## COUNT II

(Common Law Trademark/Trade Dress Infringement)

17. Opus repeats and realleges the above paragraphs.

18. MAT is engaged in common law trademark or trade dress infringement.

19. As a result, Opus continues to incur damages and continues to incur irreparable harm, and Opus is entitled to, without limitation, injunctive relief, compensatory damages, lost profits, out-of-pocket expenses, and attorneys' fees and costs.

## COUNT III

(Copyright Infringement Under 17 U.S.C. §§ 101 *et seq.*)

20. Opus repeats and realleges the above paragraphs.

21. The Opus Package is an original work prepared by and for Opus, and all copyrights in the Opus Package have been assigned to Opus.

22. On or about November 21, 2003, Opus filed an application, including all required materials and fees, with the United States Copyright Office, to obtain a copyright registration for the Opus Package.

23. On information and belief, Opus owns or will own a valid copyright with respect to the Opus Package.

24. MAT has engaged in unauthorized copying of the Opus Package, in violation of 17 U.S.C. §§ 101 *et seq.*

25. On information and belief, MAT's copyright infringement has been willful and knowing.

26. As a result, Opus continues to incur damages and continues to incur irreparable harm, and Opus is entitled to, without limitation, injunctive relief, compensatory damages, lost profits, out-of-pocket expenses, and attorneys' fees and costs.

WHEREFORE, Opus respectfully requests that this Court:

(a) Issue a preliminary and permanent injunction, in a form to be determined by the Court, ordering MAT, and all entities under its control, immediately to cease and desist from any and all infringement of the Opus Package trade dress;

(b) Issue a preliminary and permanent injunction, in a form to be determined by the Court, ordering the recall and destruction or impoundment of all MAT Packages, including any images (whether in physical or electronic form) of the MAT Packages kept or used for any purpose, including any use in any advertising, sales, or promotional material;

(c) Issue a preliminary and permanent injunction, in a form to be determined by the Court, ordering MAT, and all entities under its control, immediately to cease and desist from any and all copyright infringement of the Opus Package;

(d) Order MAT to pay damages to Opus, in an amount to be determined at trial;

(e) Order MAT to pay multiple damages to Opus;

(f) Order MAT to pay interest on any judgment;

(g)  Order MAT to pay attorneys' fees and costs to Opus; and

(h)  Order such other relief as this Court deems just and proper.

OPUS, INC.
By its attorneys,

/s/ Stephen S. Churchill
Stephen S. Churchill
BBO# 564158
CONN, KAVANAUGH, ROSENTHAL,
 PEISCH & FORD, L.L.P.
Ten Post Office Square
Boston, MA  02109
(617) 482-8200

Dated: December 3, 2003

188935.2